Morris E. Spector, J.
Motion insofar as it seeks to vacate notice of examination is denied with leave to renew upon proper papers containing a copy of the notice of examination.
As to the motion for summary judgment: This is an action for replevin of certain chattels under the terms of a chattel mortgage dated August 3, 1956. The chattels were located at an address in Bronx County which the chattel mortgage stated was the mortgagor’s place of business. On August 6, 1956 the chattel mortgage was filed in the office of the Begister in Bronx County and on October 10,1956 in the office in New York County, where defendants allege the mortgagor had its principal place of business. On May 6,1957 the mortgagor assigned for the benefit of creditors to the defendant G-rossfield. On May 20, 1957 the assets of the mortgagor, including the chattels covered by the mortgage, were sold at public auction pursuant to court order. On that day plaintiffs instituted this action by service of a writ of replevin and the Sheriff seized the chattels and delivered them *629 to plaintiffs. Defendants state that “If the chattel mortgage was filed in the proper county within a reasonable time after its execution and delivery then the mortgage is good.” They allege that the filing in New York County two months and seven days after the execution is an unreasonable length of time. Defendants also allege that the issuance of a writ of replevin after the assignment for the benefit of creditors was invalid.
The delay in filing the chattel mortgage was not so great as to be an unreasonable delay. The first filing, in Bronx County, was only three days after the date of the mortgage, indeed it was on the Monday following the Friday on which the mortgage was issued. The delay of two months and seven days in filing in New York County is not unreasonable in view of the fact that the chattels were located in Bronx County and the mortgage alleged Bronx County to be the place of business of the mortgagor. Nowhere do the defendants allege that the mortgagee had notice of the fact that the principal place of business of the mortgagor was New York County. In any event the chattel mortgage was filed in New York County seven months before the assignment for the benefit of creditors, seven months before the first of these defendants came into the picture.
On the argument of this motion plaintiffs’ counsel stated that the defendants knew that the replevin had been commenced prior to the sale and defendants’ counsel did not deny this. It might also be pointed out that defendant Began is represented by the law partner (and father) of the assignee.
There is no authority in the Debtor and Creditor Law for a sale of mortgaged property free of the lien of the mortgage without the consent of the mortgagee or person holding the mortgage. Accordingly, the motion for summary judgment is denied.